U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:17-cv-_____

SHARON REIS, individually,

    Plaintiff,

v.

BANK OF AMERICA, N.A. and
PENNYMAC LOAN SERVICES, LLC,

    Defendants.
_____/

**DEFENDANT PENNYMAC LOAN SERVICES, LLC'S NOTICE OF REMOVAL**

    Defendant PennyMac Loan Services, LLC (**PennyMac**) removes this action from the Sixth Judicial Circuit Court of Florida to the United States District Court for the Middle District of Florida.  The action, which alleges PennyMac violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) and Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii), arises under federal law and can be removed under 28, U.S.C. §1331 and 28 U.S.C. § 1441(a).

**I. P**ROCEDURAL **C**OMPLIANCE

    1.    PennyMac timely removed this action under 28 U.S.C. § 1446(b).  Plaintiff Sharon Reis served PennyMac with the complaint and summons on July 3, 2017, and PennyMac removed the lawsuit 30 days later on August 2, 2017.  *See* 28 U.S.C. § 1446(b) (removal notice must be filed "within 30 days after receipt by defendant through service or otherwise, of a copy

of the initial pleading"); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding 30-day time period does not accrue until a party is served).

2. PennyMac compiled with 28 U.S.C. § 1446(a) by submitting with this notice copies of the process, pleadings, and orders from the state court file. (**COMPOSITE EXHIBIT A**). PennyMac has also served Ms. Reis and the Clerk of the Circuit Court with a *Notice of Filing of Notice of Removal* as required by 28 U.S.C. § 1446(a). *See* (**EXHIBIT B**) (notice without exhibits). The grounds for removal are set forth below.

3. Removal of the action to the Tampa division of this Court is proper under 28 U.S.C. § 1441(a). The state court action was pending in the Sixth Judicial Circuit Court of Florida in Pasco County, Florida, and the Tampa division of this Court covers actions arising in Pasco County, Florida. *See* M.D. FLA. L.R. 1.02(b)(4).

4. By this removal, PennyMac does not intend to waive any defenses, including, but not limited to, the argument that this action should be stayed or dismissed. PennyMac disputes that Ms. Reis is entitled to a jury trial in this action.

## II. GROUNDS FOR REMOVAL

5. Ms. Reis filed this action, styled *Sharon Reis v. Bank of America, N.A, et al.*, Case No. 2017-CA-001964, on June 16, 2017 in the Sixth Judicial Circuit Court of Florida in Pasco County, Florida. The three-count complaint alleges PennyMac violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) (**FDCPA**), Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii) (**TCPA**), and the Florida Consumer Collection Practices Act, FLA. STAT. 559.72.

6. This is a civil action over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the

United States. *See Liebman v. Deutsche Bank Nat'l Trust Co.*, 462 Fed. Appx. 876, 878 (11th Cir. 2012) ("A claim premised on federal-question jurisdiction is removable without regard to the citizenship or residence of the parties."). There is no amount-in-controversy requirement when subject matter jurisdiction is predicated on federal question grounds. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) ("Congress in 1980 eliminated the amount-in-controversy requirement in federal-question (but not in diversity) cases.").

7. Removal is allowed because this Court has original jurisdiction over Counts I and II, alleging a violations of federal law, under 15 U.S.C. § 1692c(a)(2) and U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii). The Court may exercise supplemental jurisdiction over Count III because the acts at issue in the state law claim in Count III arise from the same operative facts and are so related that they form the same case and controversy as the federal law claims in Counts I and II. *See* 28 U.S.C. §§ 1441(a) and 1367(a). All counts are based on the same factual allegations, same legal theories, and same or similar defenses.

8. Defendant Bank of America, N.A. consents to the removal of this action to U.S. District Court. *See* (**EXHIBIT C**) (consent)

### III. CONCLUSION

Removal is proper because the case falls within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367 and 1441. Ms. Reis alleges causes of action under FDCPA and TCPA. All procedural requisites for removal have been met, and this notice is timely filed. PennyMac respectfully requests the Court conduct all further proceedings in this case.

|  |  |
|---|---|
| Date:  August 1, 2017 | Respectfully submitted,<br>**AKERMAN LLP** |

By: */s/ Heather L. Fesnak*
    HEATHER L. FESNAK
    Florida Bar No. 85884
    Primary e-mail: heather.fesnak@akerman.com
    Secondary e-mail:  marykay.siegel@akerman.com
    DAVID A. KARP
    Florida Bar No. 069226
    Primary e-mail: david.karp@akerman.com
    Secondary e-mail:  sharon.wells@akerman.com
    401 E. Jackson Street, Suite 1700
    Tampa, FL  33602-5250
    Telephone:  813-223-7333
    Facsimile:  813-223-2837

*Counsel for defendant PennyMac Loan Services LLC*

## CERTIFICATE OF SERVICE

I certify true copy of the foregoing was served by e-mail through the Court's CM/ECF system on plaintiff's counsel, **Andrew M. Lyons, Esq. and Rebecca A. Goodall, Esq.**, The Lyons Law Group, P.A., 4103 Little Road, New Port Richey, FL 34655 [pleadings@lyonslawgroup.com] and **Ariel Acevedo, Esq.**, Liebler, Gonzalez & Portuondo, 44 W. Flagler St. – 25th Tower, Miami, FL  33130 [service@lgplaw.com], on August 1, 2017.

*/s/ Heather L. Fesnak*
Attorney