# COMPOSITE EXHIBIT A

Filing # 57883290 E-Filed 06___/2017 03:28:36 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SIXTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PASCO</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Sharon Reis</u>
Plaintiff
vs.
<u>PennyMac Loan Services LLC, Bank of America NA</u>
Defendant

### II.   TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐   Business governance
  ☐   Business torts
  ☐   Environmental/Toxic tort
  ☐   Third party indemnification
  ☐   Construction defect
  ☐   Mass tort
  ☐   Negligent security
  ☐   Nursing home negligence
  ☐   Premises liability – commercial
  ☐   Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐   Commercial foreclosure $0 - $50,000
  ☐   Commercial foreclosure $50,001 - $249,999
  ☐   Commercial foreclosure $250,000 or more
  ☐   Homestead residential foreclosure $0 – 50,000
  ☐   Homestead residential foreclosure $50,001 - $249,999
  ☐   Homestead residential foreclosure $250,000 or more
  ☐   Non-homestead residential foreclosure $0 - $50,000
  ☐   Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐   Malpractice – business
  ☐   Malpractice – medical
  ☐   Malpractice – other professional
☒ Other
  ☐   Antitrust/Trade Regulation
  ☐   Business Transaction
  ☒   Circuit Civil - Not Applicable
  ☐   Constitutional challenge-statute or ordinance
  ☐   Constitutional challenge-proposed amendment
  ☐   Corporate Trusts
  ☐   Discrimination-employment or other
  ☐   Insurance claims
  ☐   Intellectual property
  ☐   Libel/Slander
  ☐   Shareholder derivative action
  ☐   Securities litigation
  ☐   Trade secrets
  ☐   Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☒  Non-monetary declaratory or injunctive relief;
      ☐  Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    <u>3</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐  Yes
      ☒  No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Rebbecca A Goodall</u>    FL Bar No.: <u>115344</u>
    Attorney or party                     (Bar number, if attorney)

    <u>Rebbecca A Goodall</u>  <u>06/16/2017</u>
    (Type or print name)                    Date

Filing # 57883290 E-Filed 06__/2017 03:28:36 PM

**Form 1.997 Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion).

I.      CASE STYLE

                        (Name of Court) Circuit Court _____

Plaintiff Sharon Reis _____          Case #:_____
          _____            Judge: _____

vs.

Defendant Bank of America, N.A. and _____
          PennyMac Loan Services, LLC _____

II.     TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

Electronically Filed Pasco Case #  2017CA001964CAAXWS 06/16/2017 03:28:36 PM

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
  ☐ Commercial foreclosure
    $0 - $50,000
  ☐ Commercial foreclosure
    $50,001 - $249,999
  ☐ Commercial foreclosure
    $250,000 or more
  ☐ Homestead residential
    foreclosure $0 - $50,000
  ☐ Homestead residential
    foreclosure $50,001 - $249,999
  ☐ Homestead residential
    foreclosure $250,000 or more
  ☐ Nonhomestead residential
    foreclosure $0 - $50,000

☐ Nonhomestead residential
  foreclosure $50,001 - $249,999
☐ Nonhomestead residential
  foreclosure $250,000 or more
☐ Other real property actions
  $0 - $50,000
☐ Other real property actions
  $50,001 - $249,999
☐ Other real property actions
  $250,000 or more
☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge - statute
    or ordinance
  ☐ Constitutional challenge -
    proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination - employment or
    other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

III. REMEDIES SOUGHT (check all that apply):
- ☒ monetary;
- ☒ nonmonetary declaratory or injunctive relief;
- ☐ punitive

IV. NUMBER OF CAUSES OF ACTION: [3 ]
(specify) Violations of the FDCPA, FCCPA and TCPA
_____

V. IS THIS CASE A CLASS ACTION LAWSUIT?
- ☐ yes
- ☒ no

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
- ☒ no
- ☐ yes    If "yes", list all related cases by name, case number, and court.

_____
_____
_____

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
- ☒ yes
- ☐ no

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Fla. Bar # 115344
             Attorney or party                (Bar # if attorney)
Rebbecca A. Goodall                           6/16/17
(type or print name)                          Date

Filing # 57883290 E-Filed 06\_\_/2017 03:28:36 PM

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

**SHARON REIS,**

     **Plaintiff,**

                                       **Case No.:**

**vs.**

**BANK OF AMERICA, N.A. AND**
**PENNYMAC LOAN SERVICES, LLC,**

     **Defendants.**

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, Sharon Reis, by and through the undersigned attorney, hereby requests that the

Defendant, Bank of America, N.A. admit or deny the following statements:

**Definitions:**

1.    The "Account" refers to Defendant's account number, loan number, or reference

number xxxxxx4675.

2.    The "Complaint" refers to the most recent Complaint filed in the above styled

action.

3.    "Collections" or "Collection Activity" refers to any and all attempts to collect

monies allegedly owed with regard to consumer debts or accounts by whatever means, including

but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such

as but not limited to TransUnion, Equifax, or Experian.

4.    Any references to "Defendant", "Defendants", "You", and "Your" refer to the

named Defendant, Bank of America, N.A.

5.　　Any references to "PennyMac" refers to the named co-Defendant, PennyMac Loan Services, LLC.

6.　　The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

## REQUESTED ADMISSIONS

1.　　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act and out of invasions of each Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

2.　　Plaintiff is a natural person who resides in Pasco County, Florida.

3.　　Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.　　Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

5.　　Defendant is a collection agency, conducting business in Pasco County, Florida, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

6.　　The debt incurred on June 20, 2008 by virtue of a Promissory Note is a financial obligation that was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

7.　　Servicing for the Debt was transferred or assigned to PennyMac by Bank of America in or around August 2016, for collection from Plaintiff.

8.　　Defendant received documentation and information regarding Collection Activity on Plaintiffs' Account as part of the business relationship between PennyMac and Bank of America, including collection notes logs and written communications.

9.    Defendant received documents and information regarding the lawsuit filed October 17, 2015, against Defendant for contacting Plaintiff directly even though Plaintiff was represented by legal counsel with respect to the Debt

10.    Defendant telephoned Plaintiffs on their cellular telephones during calendar years 2015, 2016, and 2017.

11.    Since August 2016 to the date of this request, Defendant has sent statements to Plaintiffs on behalf of Bank of America in an attempt to collect a debt owed.

12.    The statements sent to Plaintiffs are communication(s) made in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

13.    The conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, as well as an invasion of Plaintiff's privacy by intrusion upon seclusion which resulted in actual damages to Plaintiffs.

14.    Defendants' illegal abusive collection communications as more fully described herein were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her work and home life.

15.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of sleeplessness, stress, anger, anxiety, fear, embarrassment, frustration, upset, humiliation and shame, eliminating Plaintiff's right to be left alone and the peace and solitude that Plaintiff would otherwise have had, as well as suffering from unjustified and abusive invasions of personal privacy.

16. The acts of each individual Defendant, and other debt collectors employed as agents for each Defendant, who communicated directly with Plaintiff, were committed within the time and space limits of their agency relationship with their principal.

17. The Defendant's employees are not tested by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

18. The Defendant's employees are not monitored by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

19. The Defendant's employees are not provided educational training in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

ANSWERS OR OBJECTIONS, if any, must be served upon the undersigned attorney, at the below notes address, on or before forty-five (45) days after service of the Request for Admissions. Otherwise, these Statements shall be deemed admitted.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Sharon Reis

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee via Service of Process, as follows:

Bank of America, N.A.
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

**SHARON REIS,**

   **Plaintiff,**

                Case No.:

**vs.**

**BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,**

   **Defendants.**
                /

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

   Plaintiff, Sharon Reis, by and through the undersigned attorney, hereby requests that the

Defendant, PennyMac Loan Services, LLC admit or deny the following statements:

**Definitions:**

   1.  The "Account" refers to Defendant's account number, loan number, or reference

number xxxxxx2170.

   2.  The "Complaint" refers to the most recent Complaint filed in the above styled

action.

   3.  "Collections" or "Collection Activity" refers to any and all attempts to collect

monies allegedly owed with regard to consumer debts or accounts by whatever means, including

but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such

as but not limited to TransUnion, Equifax, or Experian.

   4.  Any references to "Defendant", "Defendants", "You", and "Your" refer to the

named Defendant, PennyMac Loan Services, LLC.

5.    Any reference to "Bank of America" refers to the named co-Defendant, Bank of America, N.A.

6.    The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

## REQUESTED ADMISSIONS

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act and out of invasions of each Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

2.    Plaintiff is a natural person who resides in Pasco County, Florida.

3.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

5.    Defendant is a collection agency, conducting business in Pasco County, Florida, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

6.    The debt incurred on June 20, 2008 by virtue of a Promissory Note is a financial obligation that was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

7.    Servicing for the Debt was transferred or assigned to PennyMac by Bank of America in or around August 2016, for collection from Plaintiff.

8.    Defendant received documentation and information regarding Collection Activity on Plaintiffs' Account as part of the business relationship with Bank of America, including collection notes logs and written communications.

9.     Defendant received documents and information regarding the lawsuit filed October 17, 2015, against Defendant for contacting Plaintiff directly even though Plaintiff was represented by legal counsel with respect to the Debt

10.     Defendant telephoned Plaintiffs on their cellular telephones during calendar years 2015, 2016, and 2017.

11.     Since August 2016 to the date of this request, Defendant has sent statements to Plaintiffs on behalf of Bank of America in an attempt to collect a debt owed.

12.     The statements sent to Plaintiffs are communication(s) made in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

13.     The conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, as well as an invasion of Plaintiff's privacy by intrusion upon seclusion which resulted in actual damages to Plaintiffs.

14.     Defendants' illegal abusive collection communications as more fully described herein were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her work and home life.

15.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of sleeplessness, stress, anger, anxiety, fear, embarrassment, frustration, upset, humiliation and shame, eliminating Plaintiff's right to be left alone and the peace and solitude that Plaintiff would otherwise have had, as well as suffering from unjustified and abusive invasions of personal privacy.

16.     The acts of each individual Defendant, and other debt collectors employed as agents for each Defendant, who communicated directly with Plaintiff, were committed within the time and space limits of their agency relationship with their principal.

17.     The Defendant's employees are not tested by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

18.     The Defendant's employees are not monitored by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

19.     The Defendant's employees are not provided educational training in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

ANSWERS OR OBJECTIONS, if any, must be served upon the undersigned attorney, at the below notes address, on or before forty-five (45) days after service of the Request for Admissions.  Otherwise, these Statements shall be deemed admitted.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.:  0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Sharon Reis

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee via Service of Process, as follows:

PennyMac Loan Services, LLC
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

Filing # 57883290 E-Filed 06\_\_/2017 03:28:36 PM

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

**SHARON REIS,**

     **Plaintiff,**

                                              **Case No.:**

**vs.**

**BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,**

     **Defendants.**

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO: Bank of America, N.A.
     c/o CT Corporation System
     1200 S. Pine Island Road
     Plantation, FL 33324

     Pursuant to Fla. R. Civ. P. 1.350, Plaintiff, by and through the undersigned counsel, request the Defendant to produce those documents and things enumerated in the following list within forty-five (45) days in accordance with said Rule, at the offices of the undersigned counsel.

### Instructions

1. If you interpose an objection to providing the requested information please set forth the following:

    a. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

    b. If your objection is based upon the work product doctrine, set forth the following information:

        i. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

        ii. If your objection is based upon the work product doctrine, set for the following information:

    1. Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

    2. IDENTIFY the individuals who have possession of the requested information.

    3. The date the requested information or items were created and the date same was obtained by you.

    iii. If any objection is made based upon acclaim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the invocation of such privilege.

    iv. Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

2. A request to "identify" a document is a request to state the following, as applicable:

    a. The date of the document;

    b. The type of document;

    c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

    d. The name of the employer or principal whom the signers, addressers and preparers were representing;

    e. The present location of the document;

    f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

    g. A summary of the contents of the document; and

    h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

3. If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

4. These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location. If there are no such documents; then please so state. If there are such documents, please list and mark appended documents responsive to each request.

5. Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

6. **PLAINTIFF SPECIFICALLY DEMANDS HEREIN THAT ALL DISCOVERY DOCUMENTS THAT CAN BE PRODUCED IN READABLE AND FULLY**

**SEARCHABLE ELECTRONIC FORMAT BE PRODUCED IN THAT FORMAT. "PRINT SCREENS," PRINT-OUTS OR OTHER MANUALLY PRODUCED PAPER COPIES OF ELECTRONIC DATA ARE REQUESTED IN ADDITION TO THE DIGITAL/ELECTRONIC FILES CONTAINING THE SAME INFORMATION.**

## Definitions

1. The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx4675.

2. The "Complaint" refers to the most recent Complaint filed in the above styled action.

3. "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

4. The "Debt" refers to the amount of money allegedly owed by the Plaintiff on the Account.

5. Any references to "Defendant", "You", and "Your" refer to the named Defendant, Bank of America, N.A.

6. The term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant has knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets,

pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data

processing cards, computer records, tapes, print-outs, agreements, communications, state and

federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries

or records of telephone conversations, summaries or records of personal conversations or

interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps,

summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film,

digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether

handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape

recordings (whether for computer, audio, or visual replay) and all other written, printed, and

recorded matter or tangible things upon which words, phrases, symbols or information of any

kind are recorded, encrypted or otherwise stored.

7.  The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

8.  Any reference to local, state, or federal laws, codes, or regulations incorporates the Federal Debt

Collection Practices Act and the Florida Consumer Collections Practices Act, with all amendments

thereto.

## PRODUCTION REQUESTS

1.      Any and all documents identified in Response to all sets of Plaintiff's

Interrogatories and Request for Admissions.

2.      Any and all documents summarizing, describing, instructing, detailing, or

otherwise training any and all of Defendant's employees in any and all of the following areas:

a.  Collection policies;

    b.   Collection procedures;

    c.   Collection methods;

    d.   Collection techniques;

    e.   Collection tactics;

    f.   Collection rules;

    g.   Collection regulations; and

    h.   Compliance with local, state, or federal laws, codes, or regulations.

3.     Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendant, for a period of THREE (3) YEARS to the present.

4.     Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, accounting system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

5.     Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiff resides.

6.     Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiff, including but not limited to:

    a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.   Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

7.     All documents delivered, given or sent by Defendant to Plaintiffs, and all documents delivered, given or sent by Plaintiffs to Defendant.

8.      Any and all written documentation including but not limited to correspondence, statements, invoices, flyers, mailers, door hangers, emails and notices, sent from or on behalf of Defendant to Plaintiff, attempting to collect the Debt, for a period of TWO (2) YEARS to the present.

9.      A copy of any and all communication logs kept by Defendant.

10.     Any and all documentation and information regarding the Plaintiff's account received by the Defendant from its client and/or the original creditor, in both printed and as electronically received and stored.

11.     Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff. PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

12.     The current organizational chart of Defendant, its parent, and all related corporations or legal entities.

13.     All employment, agent, or independent contractor agreements with any person who received any salary, wages, bonus, fee, or commission for her/his involvement with or collection efforts related to Plaintiff.

14.     All documents used or consulted in drafting, discussing, considering, or revising Defendant's Answer to Plaintiff's complaint.

15.     All documents that you received from any other person or entity relating to the transaction(s) and allegations described in Plaintiffs' Complaint.

16.     Any and all documents in the possession or control of the Defendants that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

17.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.:  0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Sharon Reis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by service of process, as follows:

Bank of America, N.A.
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

Filing # 57883290 E-Filed 06⌣/2017 03:28:36 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

SHARON REIS,

     **Plaintiff,**

                                           **Case No.:**

**vs.**

BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,

     **Defendants.**

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO: PennyMac Loan Services, LLC
    c/o CT Corporation System
    1200 S. Pine Island Road
    Plantation, FL 33324

       Pursuant to Fla. R. Civ. P. 1.350, Plaintiff, by and through the undersigned counsel, request the Defendant to produce those documents and things enumerated in the following list within forty-five (45) days in accordance with said Rule, at the offices of the undersigned counsel.

**Instructions**

1. If you interpose an objection to providing the requested information please set forth the following:

    a. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

    b. If your objection is based upon the work product doctrine, set forth the following information:

        i. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

        ii. If your objection is based upon the work product doctrine, set for the following information:

1. Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).
2. IDENTIFY the individuals who have possession of the requested information.

3. The date the requested information or items were created and the date same was obtained by you.

iii. If any objection is made based upon a claim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the invocation of such privilege.

iv. Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

2. A request to "identify" a document is a request to state the following, as applicable:

   a. The date of the document;
   b. The type of document;
   c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;
   d. The name of the employer or principal whom the signers, addressers and preparers were representing;
   e. The present location of the document;
   f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;
   g. A summary of the contents of the document; and
   h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

3. If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

4. These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location. If there are no such documents; then please so state. If there are such documents, please list and mark appended documents responsive to each request.

5. Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

6. **PLAINTIFF SPECIFICALLY DEMANDS HEREIN THAT ALL DISCOVERY DOCUMENTS THAT CAN BE PRODUCED IN READABLE AND FULLY**

**SEARCHABLE ELECTRONIC FORMAT BE PRODUCED IN THAT FORMAT. "PRINT SCREENS," PRINT-OUTS OR OTHER MANUALLY PRODUCED PAPER COPIES OF ELECTRONIC DATA ARE REQUESTED IN ADDITION TO THE DIGITAL/ELECTRONIC FILES CONTAINING THE SAME INFORMATION.**

## Definitions

1. The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx2170.

2. The "Complaint" refers to the most recent Complaint filed in the above styled action.

3. "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

4. The "Debt" refers to the amount of money allegedly owed by the Plaintiff on the Account.

5. Any references to "Defendant", "You", and "Your" refer to the named Defendant, PennyMac Loan Services, LLC.

6. The term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets,

pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data

processing cards, computer records, tapes, print-outs, agreements, communications, state and

federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries

or records of telephone conversations, summaries or records of personal conversations or

interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps,

summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film,

digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether

handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape

recordings (whether for computer, audio, or visual replay) and all other written, printed, and

recorded matter or tangible things upon which words, phrases, symbols or information of any

kind are recorded, encrypted or otherwise stored.

7. The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

8. Any reference to local, state, or federal laws, codes, or regulations incorporates the Federal Debt

   Collection Practices Act and the Florida Consumer Collections Practices Act, with all amendments

   thereto.

## PRODUCTION REQUESTS

1.     Any and all documents identified in Response to all sets of Plaintiff's

Interrogatories and Request for Admissions.

2.     Any and all documents summarizing, describing, instructing, detailing, or

otherwise training any and all of Defendant's employees in any and all of the following areas:

   a.  Collection policies;

    b.   Collection procedures;

    c.   Collection methods;

    d.   Collection techniques;

    e.   Collection tactics;

    f.   Collection rules;

    g.   Collection regulations; and

    h.   Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendant, for a period of THREE (3) YEARS to the present.

4.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, accounting system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

5.    Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiff resides.

6.    Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiff, including but not limited to:

    a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.   Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

7.    All documents delivered, given or sent by Defendant to Plaintiffs, and all documents delivered, given or sent by Plaintiffs to Defendant.

8.    Any and all written documentation including but not limited to correspondence, statements, invoices, flyers, mailers, door hangers, emails and notices, sent from or on behalf of Defendant to Plaintiff, attempting to collect the Debt, for a period of TWO (2) YEARS to the present.

9.    A copy of any and all communication logs kept by Defendant.

10.    Any and all documentation and information regarding the Plaintiff's account received by the Defendant from its client and/or the original creditor, in both printed and as electronically received and stored.

11.    Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff. PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

12.    The current organizational chart of Defendant, its parent, and all related corporations or legal entities.

13.    All employment, agent, or independent contractor agreements with any person who received any salary, wages, bonus, fee, or commission for her/his involvement with or collection efforts related to Plaintiff.

14.    All documents used or consulted in drafting, discussing, considering, or revising Defendant's Answer to Plaintiff's complaint.

15.    All documents that you received from any other person or entity relating to the transaction(s) and allegations described in Plaintiffs' Complaint.

16.     Any and all documents in the possession or control of the Defendants that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

17.     A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.:  0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Sharon Reis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by service of process, as follows:

PennyMac Loan Services, LLC
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

Filing # 57883290 E-Filed 06⌣/2017 03:28:36 PM

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

**SHARON REIS,**

      **Plaintiff,**

                                            **Case No.:**

**vs.**

**BANK OF AMERICA, N.A. AND**
**PENNYMAC LOAN SERVICES, LLC,**

      **Defendants.**

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## AND NOTICE OF FILING

TO: Bank of America, N.A.
     c/o CT Corporation System
     1200 S. Pine Island Road
     Plantation, FL 33324

    Pursuant to Fla. R. Civ. P. 1.280 and 1.340 of the Florida Rules of Civil Procedure, Plaintiffs propound to Defendant the attached interrogatories to be answered under oath and in writing within forty-five (45) days after service hereof.

                          THE LYONS LAW GROUP, P.A.

                          _Reh a. Goodall /s/_
                          Andrew M. Lyons, Esq.
                          Florida Bar No.: 0011288
                          Rebbecca A. Goodall, Esq.
                          Florida Bar No.: 0115344
                          4103 Little Road
                          New Port Richey, FL 34655
                          (727) 375-8900
                          (727) 375-2334 (fax)
                          Email Service: pleadings@lyonslawgroup.com
                          Attorneys for Plaintiff,
                          Sharon Reis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by service of process, as follows:

Bank of America, N.A.
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

                         THE LYONS LAW GROUP, P.A.

                         _Rebn a. Goodall_ /s/
                         Rebbecca A. Goodall, Esq.

**Instructions** :

1.  IDENTIFY with regard to:

    a.  A person(s) who is a natural person, means to set forth the following:
        i.   The full legal name of the person;
        ii.  If such person is not employed by you or is a former employee please provide the last known address and telephone number of any such person;
        iii. The nature and type of relationship between the Defendant and the person;

    b.  A person(s) who is a corporate entity or other legal entity, means to set forth the following:
        i.   The full legal name of the person;
        ii.  The complete address and telephone number of the person;
        iii. The nature and type of relationship between the Defendant and the person;
        iv.  A description of the entity (ex. C-Corporation, S-Corporation, Non-Profit Corporation, Limited Partnership, etc.)

    c.  A document is a request to state the following, as applicable:
        i.    The date of the document;
        ii.   The type of document;
        iii.  The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;
        iv.   The name of the employer or principal whom the signers, addressers and preparers were representing;
        v.    The present location of the document;
        vi.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;
        vii.  A summary of the contents of the document; and
        viii. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

2.  LIST means to set forth the information requested in a format and include:

    a.  Any relevant dates and/or times regarding each item of information requested;
    b.  Describe in detail the facts related to each item of requested information;
    c.  The identity of every person that has knowledge of or related to, the facts set forth in paragraph (b) above;
    d.  If you are asked to LIST documents of other tangible items, describe each item with sufficient particularity so that each item may be requested for production.

3.  DESCRIBE means to set forth the following information at a minimum:

    a.  As detailed a description about the requested information as the individual responding to this discovery can provide based upon any and all information

available to him/her after diligent inquiry and his/her compliance with the Florida Rules of Civil Procedure with respect to such inquiry;

b. The identity of any and all persons who have knowledge of the facts set forth in paragraph (a);

c. The source of the facts set forth as required in paragraph (a).

4. If you interpose an objection to providing the requested information please set forth the following:

   a. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

   b. If your objection is based upon the work product doctrine, set forth the following information:

      i. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

      ii. If your objection is based upon the work product doctrine, set for the following information:

         1. Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

         2. IDENTIFY the individuals who have possession of the requested information.

         3. The date the requested information or items were created and the date same was obtained by you.

      iii. If any objection is made based upon acclaim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the invocation of such privilege.

      iv. Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

5. If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

6. These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location. If there are no such documents; then please so state. If there are such documents, please list and mark appended documents responsive to each request.

7.  Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

## **Definitions and Instructions**

1.      The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx4675.

2.      "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

3.      The "Complaint" refers to the most recent Complaint filed in the above styled action.

4.      The "Debt" refers to the amount of money allegedly owed by the Plaintiff on the Account.

5.      Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)", "You", and "Your" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

6.      As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not

limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

7.     The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

8.     Plaintiff's telephone number(s)" means Plaintiff's cellular number(s) (248) 971-0609 or (248) 840 1234.

## INTERROGATORIES TO DEFENDANT

1.     For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant to answer any Interrogatory, state the first, last, and middle legal name, all DBA, fake, or alias name(s) used by this person, job title or capacity, business address and telephone number, home address and telephone number, and age.

2.     Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following: first, last, and middle legal name, all DBAs, fake, or alias name(s) used by this person, job title or capacity, business address and telephone number, home address and telephone number, and age.

3.     In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, sold to or otherwise assigned to the Defendants for collection, identifying the chain of title, the original creditor and its successors full legal name, address, city, state and zip code, and telephone number, and all documents relevant to, related to, or reflecting such referral, placement or assignment.

4.   Identify and describe each document, recording, ".pdf" file/document, CD, or similar documents and record retention devices or implements provided to Defendant on the date the alleged Account was assigned to Defendant which are related to Plaintiffs' Account.

5.   Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

6.   Identify Defendant's relationship with Creditor, both generally and specifically as to the Plaintiffs' account.

7.      Identify whether any or all of the Defendants electronically record, or tape record, telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings, identifying specifically whether or not any or all of the Defendants recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

8.      Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of THREE (3) YEARS before the date of this request to the present.

9.      Identify and describe with particularity all training that Defendant provides or receives, in the area of debt collection activities, including but not limited to: the training content, timing, and duration, all documents and audio or visual materials used in such training, each person involved in providing such training and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions

that Defendant is given, read, review, or otherwise use, regarding the collection of debts, along with disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

10.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants for a period of THREE (3) YEARS before the date of this request to the present.

11.     Identify all internal and external documents regarding Defendant's compliance or noncompliance with the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act.

12.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period THREE (3) YEARS before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

13.     IDENTIFY and describe each claim made under each liability policy in the last two years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

14.     Identify all persons with litigation and/or settlement authority in this case.

15.     Identify each document referred to or consulted by Defendants in the preparation of the

Answers to these Interrogatories and discovery requests made within this entire document.

16.     If Defendant's response to the Requests for Admissions served simultaneously herewith

is anything other than an unqualified admission, identify the following:

a.   the specific facts forming the basis for each such denial; and

b.   identify each witness and document upon which Defendant will rely to support each

such denial.

17.    Please state in detail the facts upon which each of you rely for each affirmative defense

listed in Defendant's answer to Plaintiffs' complaint, or to be listed in Defendant's

answer to Plaintiffs' complaint.

Dated this _____ day of _____, _____.

By:_____
                Signature

NAME:_____
TITLE:_____
ADDRESS:_____

           _____

PHONE:_____

STATE OF FLORIDA
COUNTY OF _____

    BEFORE ME the undersigned authority, personally appeared _____,
And who being duly sworn, deposes and says that the Answers to Plaintiff's Interrogatories to
Defendant herein are true and correct to the best of his/her knowledge and belief.

_____
Notary Public Signature
Notary Public Name:_____
Commission No.:_____

Filing # 57883290 E-Filed 06⌣2017 03:28:36 PM

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

**SHARON REIS,**

       **Plaintiff,**

                                              **Case No.:**

**vs.**

**BANK OF AMERICA, N.A. AND**
**PENNYMAC LOAN SERVICES, LLC,**

       **Defendants.**

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## AND NOTICE OF FILING

TO: PennyMac Loan Services, LLC
     c/o CT Corporation System
     1200 S. Pine Island Road
     Plantation, FL 33324

     Pursuant to Fla. R. Civ. P. 1.280 and 1.340 of the Florida Rules of Civil Procedure, Plaintiffs propound to Defendant the attached interrogatories to be answered under oath and in writing within forty-five (45) days after service hereof.

                    THE LYONS LAW GROUP, P.A.

                    *Reb A. Goodall* /s/
                    Andrew M. Lyons, Esq.
                    Florida Bar No.: 0011288
                    Rebbecca A. Goodall, Esq.
                    Florida Bar No.: 0115344
                    4103 Little Road
                    New Port Richey, FL 34655
                    (727) 375-8900
                    (727) 375-2334 (fax)
                    Email Service: pleadings@lyonslawgroup.com
                    Attorneys for Plaintiff,
                    Sharon Reis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by service of process, as follows:

PennyMac Loan Services, LLC
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

THE LYONS LAW GROUP, P.A.

_/s/_

Rebbecca A. Goodall, Esq.

**Instructions**

1. IDENTIFY with regard to:

   a. A person(s) who is a natural person, means to set forth the following:
      i. The full legal name of the person;
      ii. If such person is not employed by you or is a former employee please provide the last known address and telephone number of any such person;
      iii. The nature and type of relationship between the Defendant and the person;

   b. A person(s) who is a corporate entity or other legal entity, means to set forth the following:
      i. The full legal name of the person;
      ii. The complete address and telephone number of the person;
      iii. The nature and type of relationship between the Defendant and the person;
      iv. A description of the entity (ex. C-Corporation, S-Corporation, Non-Profit Corporation, Limited Partnership, etc.)

   c. A document is a request to state the following, as applicable:
      i. The date of the document;
      ii. The type of document;
      iii. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;
      iv. The name of the employer or principal whom the signers, addressers and preparers were representing;
      v. The present location of the document;
      vi. The name and current business and home addresses of the present custodian of the original document, and any copies of it;
      vii. A summary of the contents of the document; and
      viii. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

2. LIST means to set forth the information requested in a format and include:

   a. Any relevant dates and/or times regarding each item of information requested;
   b. Describe in detail the facts related to each item of requested information;
   c. The identity of every person that has knowledge of or related to, the facts set forth in paragraph (b) above;
   d. If you are asked to LIST documents of other tangible items, describe each item with sufficient particularity so that each item may be requested for production.

3. DESCRIBE means to set forth the following information at a minimum:

   a. As detailed a description about the requested information as the individual responding to this discovery can provide based upon any and all information

3

available to him/her after diligent inquiry and his/her compliance with the Florida Rules of Civil Procedure with respect to such inquiry;

b.  The identity of any and all persons who have knowledge of the facts set forth in paragraph (a);

c.  The source of the facts set forth as required in paragraph (a).

4.  If you interpose an objection to providing the requested information please set forth the following:

a.  The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

b.  If your objection is based upon the work product doctrine, set forth the following information:

   i.  The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

   ii.  If your objection is based upon the work product doctrine, set for the following information:

      1.  Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

      2.  IDENTIFY the individuals who have possession of the requested information.

      3.  The date the requested information or items were created and the date same was obtained by you.

   iii.  If any objection is made based upon acclaim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the invocation of such privilege.

   iv.  Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

5.  If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

6.  These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location. If there are no such documents; then please so state. If there are such documents, please list and mark appended documents responsive to each request.

7.  Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

### Definitions and Instructions

1.  The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx2170.

2.  "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

3.  The "Complaint" refers to the most recent Complaint filed in the above styled action.

4.  The "Debt" refers to the amount of money allegedly owed by the Plaintiff on the Account.

5.  Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)", "You", and "Your" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

6.  As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not

limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

    7.     The "Plaintiff" refers to the named Plaintiff, Sharon Reis.

## INTERROGATORIES TO DEFENDANT

1.    For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant to answer any Interrogatory, state the first, last, and middle legal name, all DBA, fake, or alias name(s) used by this person, job title or capacity, business address and telephone number, home address and telephone number, and age.

2.    Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following: first, last, and middle legal name, all DBAs, fake, or alias name(s) used by this person, job title or capacity, business address and telephone number, home address and telephone number, and age.

3.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed, sold to or otherwise assigned to the Defendants for collection, identifying the chain of title, the original creditor and its successors full legal name, address, city, state and zip code, and telephone number, and all documents relevant to, related to, or reflecting such referral, placement or assignment.

4.      Identify and describe each document, recording, ".pdf" file/document, CD, or similar documents and record retention devices or implements provided to Defendant on the date the alleged Account was assigned to Defendant which are related to Plaintiffs' Account.

5.      Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

6.      Identify Defendant's relationship with Creditor, both generally and specifically as to the Plaintiffs' account.

7.      Identify whether any or all of the Defendants electronically record, or tape record, telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings, identifying specifically whether or not any or all of the Defendants recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

8.      Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of THREE (3) YEARS before the date of this request to the present.

9.      Identify and describe with particularity all training that Defendant provides or receives, in the area of debt collection activities, including but not limited to: the training content, timing, and duration, all documents and audio or visual materials used in such training, each person involved in providing such training and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions

that Defendant is given, read, review, or otherwise use, regarding the collection of debts, along with disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

10. Identify the full legal name, address, telephone, position, and title of all former employees of Defendants for a period of THREE (3) YEARS before the date of this request to the present.

11. Identify all internal and external documents regarding Defendant's compliance or noncompliance with the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act.

12. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period THREE (3) YEARS before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

13. IDENTIFY and describe each claim made under each liability policy in the last two years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

14.   Identify all persons with litigation and/or settlement authority in this case.

15.   Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

16.   If Defendant's response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, identify the following:

   a.  the specific facts forming the basis for each such denial; and

   b.  identify each witness and document upon which Defendant will rely to support each such denial.

17.   Please state in detail the facts upon which each of you rely for each affirmative defense listed in Defendant's answer to Plaintiffs' complaint, or to be listed in Defendant's answer to Plaintiffs' complaint.

Dated this _____ day of _____, _____.

By:_____
       Signature

NAME:_____
TITLE:_____
ADDRESS:_____
              _____

PHONE:_____

STATE OF FLORIDA
COUNTY OF _____

      BEFORE ME the undersigned authority, personally appeared _____,
And who being duly sworn, deposes and says that the Answers to Plaintiff's Interrogatories to Defendant herein are true and correct to the best of his/her knowledge and belief.

_____
Notary Public Signature
Notary Public Name:_____
Commission No.:_____

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**

**SHARON REIS, individually,**

      **Plaintiff,**

                                           **Case No.:**

**vs.**

**BANK OF AMERICA, N.A. AND**
**PENNYMAC LOAN SERVICES, LLC,**

      **Defendants.**

_____/

## SUMMONS

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint, Plaintiff's First Request for Production of Documents, Request for Admissions, and Request for Interrogatories in the above-styled cause on the Defendant:

**PENNYMAC LOAN SERVICES, LLC**
**CT CORPORATION SYSTEM**
**1200 S. PINE ISLAND RD**
**PLANTATION, FL 33324**

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**REBBECCA A. GOODALL, ESQUIRE**
Attorney for the Plaintiff
4103 Little Road
New Port Richey, FL 34655

Dated this:_____

                                 **PAULA S. O'NEIL**
                                 **CLERK OF THE COURT**

                                 By: _____
                                           Deputy Clerk

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance.   Within two (2) working days of your receipt of this summons and complaint please contact the Public Information Dept. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V)   in New Port Richey; (352) 521-4274, ext. 8110 (V) in Dade City; via 1-800-955-8771 if you are hearing impaired.   The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.**

## PLEASE NOTE

**PROPER DRESS IS REQUIRED or you may be held in contempt or refused admittance. NO shorts, undershirts, tank tops, etc.**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

SHARON REIS, individually,

      Plaintiff,

                                            Case No.:

vs.

BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,

      Defendants.

_____/

## SUMMONS

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint, Plaintiff's First Request for Production of Documents, Request for Admissions, and Request for Interrogatories in the above-styled cause on the Defendant:

**BANK OF AMERICA, N.A.**
**CT CORPORATION SYSTEM**
**1200 S. PINE ISLAND RD**
**PLANTATION, FL 33324**

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**REBBECCA A. GOODALL, ESQUIRE**
Attorney for the Plaintiff
4103 Little Road
New Port Richey, FL 34655

Dated this:_____

                          **PAULA S. O'NEIL**
                          CLERK OF THE COURT

                          By: _____
                                 Deputy Clerk

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance.   Within two (2) working days of your receipt of this summons and complaint please contact the Public Information Dept. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V)   in New Port Richey; (352) 521-4274, ext. 8110 (V) in Dade City; via 1-800-955-8771 if you are hearing impaired.   The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.**

## PLEASE NOTE

**PROPER DRESS IS REQUIRED or you may be held in contempt or refused admittance. NO shorts, undershirts, tank tops, etc.**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

SHARON REIS, individually,

      Plaintiff,

                                      **Case No.: 2017-CA-01964**

vs.

BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,

      Defendants.

_____/

### SUMMONS

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint, Plaintiff's First Request for Production of Documents, Request for Admissions, and Request for Interrogatories in the above-styled cause on the Defendant:

**PENNYMAC LOAN SERVICES, LLC**
**CT CORPORATION SYSTEM**
**1200 S. PINE ISLAND RD**
**PLANTATION, FL 33324**

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**REBBECCA A. GOODALL, ESQUIRE**
Attorney for the Plaintiff
4103 Little Road
New Port Richey, FL 34655

Dated this: _6/26/17_

Paula S. O'Neil, Ph.D., Clerk & Comptroller

CLERK OF THE COURT

By:   **/s/ Ryan Ayers**
       _____
               Deputy Clerk

Issued/Ret'd Process Server

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance.   Within two (2) working days of your receipt of this summons and complaint please contact the Public Information Dept. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V)   in New Port Richey; (352) 521-4274, ext. 8110 (V) in Dade City; via 1-800-955-8771 if you are hearing impaired.   The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.**

### PLEASE NOTE
**PROPER DRESS IS REQUIRED or you may be held in contempt or refused admittance. NO shorts, undershirts, tank tops, etc.**

### IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

SHARON REIS, individually,

      Plaintiff,

                                        Case No.: 2017-CA-01964

vs.

BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,

      Defendants.

_____/

## SUMMONS

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint,
Plaintiff's First Request for Production of Documents, Request for Admissions, and Request for
Interrogatories in the above-styled cause on the Defendant:

**BANK OF AMERICA, N.A.**
**CT CORPORATION SYSTEM**
**1200 S. PINE ISLAND RD**
**PLANTATION, FL 33324**

    A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the clerk of this court. A
phone call will not protect you. Your written response, including the case number given above and
the names of the parties, must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money and property may
thereafter be taken without further warning from the court. There are other legal requirements.
You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written
response to the court you must also mail or take a copy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below.

**REBBECCA A. GOODALL, ESQUIRE**
Attorney for the Plaintiff
4103 Little Road
New Port Richey, FL 34655

Dated this: _6/26/17_

                              Paula S. O'Neil, Ph.D., Clerk & Comptroller
                                     CLERK OF THE COURT
                                     **/s/ Ryan Ayers**
                    By: _____
                                Deputy Clerk

**Issued/Ret'd Process Server**

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance.   Within two (2) working days of your receipt of this summons and complaint please contact the Public Information Dept. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V)   in New Port Richey; (352) 521-4274, ext. 8110 (V) in Dade City; via 1-800-955-8771 if you are hearing impaired.   The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.**

### PLEASE NOTE
**PROPER DRESS IS REQUIRED or you may be held in contempt or refused admittance. NO shorts, undershirts, tank tops, etc.**

### IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 58811569 E-Filed 07/_2017 05:30:19 PM

## SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA
## PASCO COUNTY, FLORIDA
## CIVIL DIVISION

**SHARON REIS, individually,**

    **Plaintiff,**

v.

                                        **Case No. 2017-CA-001964-WS**
                                        **Division H**

**BANK OF AMERICA, N.A. and**
**PENNYMAC LOAN SERVICES, LLC,**

    **Defendants.**

_____/

### AKERMAN LLP'S AMENDED NOTICE
### OF APPEARANCE AS COUNSEL FOR DEFENDANT PENNYMAC LOAN SERVICES,
### LLC & DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES
### (to correct scrivener's error as to defendant)

    Heather L. Fesnak and David A. Karp of Akerman LLP notice their appearance as counsel for defendant PennyMac Loan Services, LLC.

    Ms. Fesnak and Mr. Karp designate their primary and secondary e-mail addresses below as required by FLA. R. CIV. P. 1.080 and FLA. R. JUD. ADMIN. 2.516. They request copies of all orders, pleadings, and papers in this case be served on them at their primary and secondary e-mail addresses below under FLA. R. JUD. ADMIN. 2.516(b)(1)(E). Service of paper copies should be sent to their addresses below.

                                     Respectfully submitted,

Date: July 10, 2017          **AKERMAN LLP**

                          By:*/s/ David A. Karp*_____
                             HEATHER L. FESNAK
                             Florida Bar No. 85884
                             Primary e-mail: heather.fesnak@akerman.com
                             Secondary e-mail: marykay.siegel@akerman.com
                             DAVID A. KARP
                             Florida Bar No. 069226

42266860;1

Primary e-mail: david.karp@akerman.com
Secondary e-mail:  sharon.wells@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, FL  33602-5250
Telephone:  813-223-7333
Facsimile:  813-223-2837

***Counsel for defendant PennyMac Loan Services, LLC***

## CERTIFICATE OF SERVICE

I certify on July 10, 2017, a true copy of the foregoing was served by e-mail on **Andrew M. Lyons, Esq. and Rebbecca A. Goodall, Esq.**, The Lyons Law Group, P.A., 4103 Little Road, New Port Richey, FL 34655 [pleadings@lyonslawgroup.com].

*/s/ David A. Karp*
Attorney

Filing # 58811046 E-Filed 07/__2017 05:22:03 PM

SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA
PASCO COUNTY, FLORIDA
CIVIL DIVISION

SHARON REIS, individually,

    Plaintiff,

v.
                                  Case No. 2017-CA-001964-WS
                                  Division H

BANK OF AMERICA, N.A. and
NATIONSTAR MORTGAGE LLC,

    Defendants.

_____/

### AKERMAN LLP'S NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT NATIONSTAR MORTGAGE LLC & DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

Heather L. Fesnak and David A. Karp of Akerman LLP notice their appearance as counsel for defendant Nationstar Mortgage LLC.

Ms. Fesnak and Mr. Karp designate their primary and secondary e-mail addresses below as required by FLA. R. CIV. P. 1.080 and FLA. R. JUD. ADMIN. 2.516. They request copies of all orders, pleadings, and papers in this case be served on them at their primary and secondary e-mail addresses below under FLA. R. JUD. ADMIN. 2.516(b)(1)(E). Service of paper copies should be sent to their addresses below.

                                 Respectfully submitted,

Date: July 10, 2017
                                 **AKERMAN LLP**

                                 By:*/s/ David A. Karp*
                                    HEATHER L. FESNAK
                                    Florida Bar No. 85884
                                    Primary e-mail: heather.fesnak@akerman.com
                                    Secondary e-mail: marykay.siegel@akerman.com
                                    DAVID A. KARP
                                    Florida Bar No. 069226

42266488:1

Primary e-mail: david.karp@akerman.com
Secondary e-mail:  sharon.wells@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, FL  33602-5250
Telephone:  813-223-7333
Facsimile:  813-223-2837

**Counsel for defendant Nationstar Mortgage LLC**

## CERTIFICATE OF SERVICE

I certify on July 10, 2017, a true copy of the foregoing was served by e-mail on **Andrew M. Lyons, Esq. and Rebbecca A. Goodall, Esq.,** The Lyons Law Group, P.A., 4103 Little Road, New Port Richey, FL 34655 [pleadings@lyonslawgroup.com].

/s/ David A. Karp
Attorney

2

42266488;1

Filing # 58863415 E-Filed 07/⌣2017 03:45:37 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PASCO
COUNTY, FLORIDA

SHARON REIS, ETC.,

          Plaintiff(s),

vs.

BANK OF AMERICA, N.A., ET.AL.,

          Defendant(s).

Case No.: 2017-CA-01964

VERIFIED RETURN OF SERVICE



Pursuant to the request of **DALY PROCESS SERVICE GROUP INC.,** received this process on **06/30/2017** at **9:03 AM** to be served upon:

BANK OF AMERICA, N.A.

STATE OF FLORIDA
COUNTY OF BROWARD   ss.

I, SANDRA QUINONES, depose and say that: I am authorized to serve this process in the circuit/county it was served in.

On **07/03/2017** at **1:00 PM,** I served the within **SUMMONS; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AND NOTICE OF FILING; COMPLAINT** on **BANK OF AMERICA, N.A.** at **CT CORPORATION SYSTEM 1200 S. PINE ISLAND RD, PLANTATION, FL 33324** in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process with the date and hour endorsed thereon by me to **CT CORPORATION SYSTEM, REGISTERED AGENT** of the above named corporation and informing him/her of the contents.

**Comments/Prev. Attempts: BY LEAVING PAPERS WITH DONNA MOCH, SENIOR CORPORATE OPERATIONS MANAGER FOR CT CORPORATION SYSTEM.**

Under penalty of perjury I declare that I have read the foregoing Verified Return Of Service and that the facts stated in it are true.

I certify that I am over the age of 18. I am not a party to this action and have no interest in the process being served. I am a Certified Process Server in good standing and have proper authority in the jurisdiction in which this service was made. Under the penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. Notary Not Required Pursuant To F.S. 92.525(2).

X _____

SANDRA QUINONES - Cert/Appt#: #394
DALY PROCESS SERVICE GROUP INC.

*147911*

Filing # 58863415 E-Filed 07/\_\_2017 03:45:37 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PASCO
COUNTY, FLORIDA

SHARON REIS, ETC.,

       Plaintiff(s),                 Case No.: 2017-CA-01964

vs.

BANK OF AMERICA, N.A., ET.AL.         **VERIFIED RETURN OF SERVICE**

       Defendant(s).



Pursuant to the request of **DALY PROCESS SERVICE GROUP INC.**, received this process on 06/30/2017 at 9:00 AM to be served upon:

**PENNYMAC LOAN SERVICES, LLC**

STATE OF FLORIDA
COUNTY OF BROWARD    ss.

I, SANDRA QUINONES, depose and say that: I am authorized to serve this process in the circuit/county it was served in:

On 07/03/2017 at 1:00 PM, I served the within SUMMONS; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AND NOTICE OF FILING; COMPLAINT on PENNYMAC LOAN SERVICES, LLC at CT CORPORATION SYSTEM 1200 S. PINE ISLAND RD, PLANTATION, FL 33324 in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process with the date and hour endorsed thereon by me to CT CORPORATION SYSTEM, REGISTERED AGENT of the above named corporation and informing him/her of the contents.

Comments/Prev. Attempts: **BY LEAVING PAPERS WITH DONNA MOCH, SENIOR CORPORATE OPERATIONS MANAGER FOR CT CORPORATION SYSTEM.**

Under penalty of perjury I declare that I have read the foregoing Verified Return Of Service and that the facts stated in it are true.

I certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served. I am a Certified Process Server in good standing and have proper authority in the jurisdiction in which this service was made. Under the penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. Notary Not Required Pursuant To F.S. 92.525(2).

x _____
SANDRA QUINONES - Cert/Appt#: #394
DALY PROCESS SERVICE GROUP INC.

*147910*

Filing # 59224827 E-Filed 07/  2017 01:17:22 PM

**IN THE CIRCUIT COURT OF THE**
**6TH JUDICIAL CIRCUIT IN AND FOR**
**PASCO COUNTY, FLORIDA**
*(CIVIL DIVISION)*

SHARON REIS, individually,                    CASE NO.: 2017-CA-01964

          Plaintiff,

vs.

BANK   OF   AMERICA,   N.A.,   AND
PENNYMAC LOAN SERVICES, LLC,

          Defendant.
_____/

## NOTICE OF APPEARANCE AS COUNSEL AND
## REQUEST FOR SERVICE OF PAPERS

    **PLEASE TAKE NOTICE** that the law firm Liebler, Gonzalez & Portuondo hereby enters

its appearance as counsel for Bank of America, N.A., in these proceedings. All parties are

requested to take notice of the appearance of undersigned counsel and to serve all copies of any

and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature upon

the undersigned counsel.

                        **LIEBLER, GONZALEZ & PORTUONDO**
                        *Attorneys for Bank of America, N.A.*
                        Courthouse Tower - 25th Floor
                        44 West Flagler Street
                        Miami, FL 33130
                        (305) 379-0400
                        service@lgplaw.com

                        By:/s/ Ariel Acevedo_____
                            ARIEL ACEVEDO
                            Florida Bar No. 946001

CASE NO.: 2017-CA-01964

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July, 2017, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Rebbecca A. Goodall, Esquire** (pleadings@lyonslawgroup.com), The Lyons Law Group, P.A., *Attorneys for Plaintiff,* 4103 Little Road, New Port Richey, FL 34655, **David Arnold Karp, Esquire** (david.karp@akerman.com), Akerman, LLP, 401 E. Jackson St., Ste. 1700, Tampa, FL 33602.

/s/ Ariel Acevedo
ARIEL ACEVEDO

Filing # 59224827 E-Filed 07/__2017 01:17:22 PM

### IN THE CIRCUIT COURT OF THE
### 6TH JUDICIAL CIRCUIT IN AND FOR
### PASCO COUNTY, FLORIDA
### *(CIVIL DIVISION)*

SHARON REIS, individually,                          CASE NO.: 2017-CA-01964

        Plaintiff,

vs.

BANK   OF   AMERICA,   N.A.,   AND
PENNYMAC LOAN SERVICES, LLC,

        Defendant.

_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

The undersigned law firm hereby designates, pursuant to Rule 2.516, the following e-mail

address for the purpose of service of all documents required to be served in this proceeding:

Primary E-Mail Address:      service@lgplaw.com

        **LIEBLER, GONZALEZ & PORTUONDO**
        *Attorneys for Bank of America, N.A.*
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        (305) 379-0400
        service@lgplaw.com

        By: /s/ Ariel Acevedo
           ARIEL ACEVEDO
           Florida Bar No. 946001

CASE NO.: 2017-CA-01964

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2017, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Rebbecca A. Goodall, Esquire** (pleadings@lyonslawgroup.com), The Lyons Law Group, P.A., *Attorneys for Plaintiff,* 4103 Little Road, New Port Richey, FL 34655, **David Arnold Karp, Esquire** (david.karp@akerman.com), Akerman, LLP, 401 E. Jackson St., Ste. 1700, Tampa, FL 33602.

/s/ Ariel Acevedo
ARIEL ACEVEDO

Filing # 59224827 E-Filed 07/__/2017 01:17:22 PM

## IN THE CIRCUIT COURT OF THE
## 6TH JUDICIAL CIRCUIT IN AND FOR
## PASCO COUNTY, FLORIDA
### *(CIVIL DIVISION)*

SHARON REIS, individually,                    CASE NO.: 2017-CA-01964

        Plaintiff,

vs.

BANK OF AMERICA, N.A., AND
PENNYMAC LOAN SERVICES, LLC,

        Defendant.

_____/

## MOTION FOR EXTENSION
## OF TIME TO FILE RESPONSE TO COMPLAINT

Bank of America, N.A. ("Defendant"), through undersigned counsel, respectfully requests the Court to enter an order extending the time allowed for Defendant to file its response to the Complaint for a reasonable period of time, and states as grounds:

1.     Defendant was served with the Complaint on or about July 3, 2017.

2.     In order to evaluate the factual allegations stated in the Complaint, research its records, and determine the circumstances involved, Defendant requires additional time to file its response to the Complaint.

3.     Due to time constraints, undersigned counsel has not been able to contact the counsel for Plaintiff in order to determine his position with respect to the foregoing Motion.

4.     The foregoing Motion is filed in good faith and not for dilatory or other improper purpose.

WHEREFORE, Defendant respectfully requests this Court to enter an Order allowing it a reasonable period of time to file its response to the Complaint.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor. 44 West Flagler Street. Miami. FL 33130  (305) 379-0400

CASE NO.: 2017-CA-01964

LIEBLER, GONZALEZ & PORTUONDO
*Attorneys for Bank of America, N.A.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: /s/ Ariel Acevedo
　　　ARIEL ACEVEDO
　　　Florida Bar No. 946001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2017, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Rebbecca A. Goodall, Esquire** (pleadings@lyonslawgroup.com), The Lyons Law Group, P.A., *Attorneys for Plaintiff,* 4103 Little Road, New Port Richey, FL 34655, **David Arnold Karp, Esquire** (david.karp@akerman.com), Akerman, LLP, 401 E. Jackson St., Ste. 1700, Tampa, FL 33602.

　　　　　　　　/s/ Ariel Acevedo
　　　　　　　　ARIEL ACEVEDO

Filing # 59239981 E-Filed 07/\_\_2017 03:19:43 PM

## SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA
## PASCO COUNTY, FLORIDA
## CIVIL DIVISION

SHARON REIS, individually,

    Plaintiff,

v.

                                     Case No. 2017-CA-001964-WS
                                     Division H

BANK OF AMERICA, N.A. and
PENNYMAC LOAN SERVICES, LLC,

    Defendants.

_____/

### DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MOTION FOR
### EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant PennyMac Loan Services LLC (**PennyMac**) respectfully requests an extension of time to serve its response to the complaint filed by plaintiff Sharon Reis, and states:

1.    Reis served PennyMac with a complaint on July 3, 2017. PennyMac's response to the Complaint is due on or before July 23, 2017.

2.    PennyMac's counsel needs additional time to obtain and review all pertinent information and documents to file a meaningful and substantive response to the complaint. PennyMac respectfully requests a 60-day extension of time, though and including September 21, 2017, to respond to the complaint.

3.    This motion is filed in good faith and not for delay or any other undue purpose.

WHEREFORE, PennyMac respectfully requests this Court to enter an order granting it an extension of time through September 21, 2017 to serve its response to the complaint.

42266488:1

Respectfully submitted,

Date:  July 19, 2017

**AKERMAN LLP**

By: */s/ Heather L. Fesnak*
    HEATHER L. FESNAK
    Florida Bar No. 85884
    Primary e-mail: heather.fesnak@akerman.com
    Secondary e-mail:  marykay.siegel@akerman.com
    DAVID A. KARP
    Florida Bar No. 069226
    Primary e-mail: david.karp@akerman.com
    Secondary e-mail:  sharon.wells@akerman.com
    401 E. Jackson Street, Suite 1700
    Tampa, FL  33602-5250
    Telephone:  813-223-7333
    Facsimile:  813-223-2837

    ***Counsel for defendant PennyMac Loan Services LLC***

## CERTIFICATE OF SERVICE

I certify on July 19, 2017, a true copy of the foregoing was served by e-mail on **Andrew M. Lyons, Esq. and Rebecca A. Goodall, Esq.,** The Lyons Law Group, P.A., 4103 Little Road, New Port Richey, FL 34655 [pleadings@lyonslawgroup.com].

    */s/ Heather L. Fesnak*
    Attorney

2

Filing # 59239981 E-Filed 07/    2017 03:19:43 PM

SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA
PASCO COUNTY, FLORIDA
CIVIL DIVISION

SHARON REIS, individually,

    Plaintiff,

v.                                        Case No. 2017-CA-001964-WS
                                          Division H

BANK OF AMERICA, N.A. and
PENNYMAC LOAN SERVICES, LLC,

    Defendants.

_____/

## DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

Defendant PennyMac Loan Services LLC (**PennyMac**) respectfully requests an extension of time to serve its responses to plaintiff Sharon Reis' discovery requests, and states:

1.    Reis served PennyMac with a First Request for Admissions, First Request for Production and First Set of Interrogatories on July 3, 2017 (collectively, the **Requests**). PennyMac's responses to the Requests are due on or before August 17, 2017.

2.    PennyMac's counsel needs additional time to obtain and review all pertinent information and documents to file meaningful and substantive responses to the Requests. PennyMac requests a 60-day extension through October 16, 2017 to respond to the Requests.

3.    This motion is filed in good faith and not for delay or any other undue purpose.

WHEREFORE, PennyMac respectfully requests this Court to enter an order granting it an extension of time through October 16, 2017 to serve its responses to the Requests.

Date:  July 19, 2017

Respectfully submitted,

**AKERMAN LLP**

By:/s/ Heather L. Fesnak
    HEATHER L. FESNAK
    Florida Bar No. 85884
    Primary e-mail: heather.fesnak@akerman.com
    Secondary e-mail:  marykay.siegel@akerman.com
    DAVID A. KARP
    Florida Bar No. 069226
    Primary e-mail: david.karp@akerman.com
    Secondary e-mail:  sharon.wells@akerman.com
    401 E. Jackson Street, Suite 1700
    Tampa, FL  33602-5250
    Telephone:  813-223-7333
    Facsimile:  813-223-2837

*Counsel for defendant PennyMac Loan Services LLC*

## CERTIFICATE OF SERVICE

I certify on July 19, 2017, a true copy of the foregoing was served by e-mail on **Andrew M. Lyons, Esq. and Rebecca A. Goodall, Esq.**, The Lyons Law Group, P.A., 4103 Little Road, New Port Richey, FL 34655 [pleadings@lyonslawgroup.com].

/s/ Heather L. Fesnak
Attorney

2

SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA
PASCO COUNTY, FLORIDA
CIVIL DIVISION

SHARON REIS, individually,

    Plaintiff,

v.                                   Case No. 2017-CA-001964-WS
                                      Division H

BANK OF AMERICA, N.A. and
PENNYMAC LOAN SERVICES, LLC,

    Defendants.

_____/

ORDER GRANTING DEFENDANT PENNYMAC LOAN SERVICES, LLC'S MOTIONS
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND DISCOVERY

THIS MATTER came before the Court upon Defendant PennyMac Loan Services, LLC's

(PennyMac) Motion for Extension of Time to Respond to Complaint and Motion for Extension of

Time to Respond to Discovery. The Court having reviewed the motions, court file, and being

otherwise fully advised in the premises, it is hereby ORDERED that:

    1.     PennyMac's motion for extension to respond to complaint is GRANTED. The

deadline for PennyMac's response to the complaint is extended up to and including September 21,

2017.

    2.     PennyMac's motion for extension to respond to discovery is GRANTED. The

deadline for PennyMac's responses to plaintiff's request for admissions, request for production and

first set of interrogatories and is extended up to and including October 16, 2017.

    DONE AND ORDERED in New Port Richey, Florida, on July _37_, 2017.

                                 CIRCUIT JUDGE

Copies to all parties on attached service list

*Reis v. Bank of Am., N.A., et al.,*
Case No. 2017-CA-001964-WS

## SERVICE LIST

David A. Karp, Esq.
Heather L. Fesnak, Esq.
Akerman LLP
401 E. Jackson Street, Suite 1700
Tampa, FL  33602

Andrew M. Lyons, Esq.
Rebbecca A. Goodall, Esq.
The Lyons Law Group, P.A.
4103 Little Road
New Port Richey, FL 34655

Ariel Acevedo, Esq.
Liebler, Gonzalez & Portuondo
44 W. Flagler St. – 25th Tower
Miami, FL  33130

42422527;1