Filing # 57883290 E-Filed 06/__/2017 03:28:36 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

SHARON REIS, individually,

    Plaintiff,

                                          Case No.:

vs.

BANK OF AMERICA, N.A. AND
PENNYMAC LOAN SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Sharon Reis, by and through the undersigned counsel and hereby sues the Defendants, Bank of America, N.A. and PennyMac Loan Services, LLC ("Defendants"), and alleges as follows:

1. This is an action for damages brought by Sharon Reis against Bank of America, N.A. and PennyMac Loan Services, LLC, for repeated violations of the Florida Consumer Practices Act, Fla. Stat. § 559.72 ("FCCPA"), the Federal Debt Collection Practices Act, 15 U.S.C. § 1692a, *et. seq.* ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. § 559.77, 15 U.S.C. § 1692(d), and 47 U.S.C. § 227(b)(3).

3. At all times material herein, the conduct of Defendants complained of below, occurred in Pasco County, Florida.

4. At all times material herein, Sharon Reis ("Reis") is a natural person who resides in Pasco County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), or a person affected by a violation of that law.

5. At all times material herein, Reis is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

6. Defendant, Bank of America, N.A. ("Bank of America") is a national banking institution authorized to conduct business in Florida; and is engaged in such business of regularly and systematically collecting debts within Pasco County, Florida.

7. Defendant, PennyMac Loan Services, LLC ("PennyMac") is a foreign limited liability company authorized to conduct business in Florida; and is engaged in such business of regularly and systematically collecting debts within Pasco County, Florida.

## GENERAL ALLEGATIONS

8. At all times relevant hereto, PennyMac is a "debt collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. 1692a(6). The principal purpose of PennyMac is the collection of debts, using the mail and telephone. PennyMac regularly attempts to collect debts alleged to be due to another.

9. At all times material herein, Bank of America is a "creditor" as defined by Fla. Stat. § 559.55(5) and 15 U.S.C. §1692a(4).

10. At all times material herein, PennyMac was performing debt collection for a debt owed to Bank of America for the benefit of Bank of America to satisfy Plaintiff's alleged obligation.

11. At all times material herein, PennyMac was acting as an agent on behalf of Bank of America for purposes of collecting Plaintiffs' alleged debt for Bank of America, and with the consent, approval and ratification of Bank of America.

12. At all times material herein, PennyMac was, and is now, the servant, employee, and/or other representative of Bank of America, and in doing the things herein alleged, was acting

in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of Bank of America. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

13. At all times material herein, via a contractual relationship between the parties, Bank of America had control, or the ability to control, PennyMac's actions in attempting to collect Plaintiff's alleged debt on behalf of Bank of America.

14. Defendants are a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(3) in that they are business entities engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

15. At all times relevant hereto, Reis has been "the object of collection activity arising from consumer debt" as defined by Fla. Stat. § 559.55(6). The subject Debt was incurred primarily for personal, family, or household purposes.

16. Reis is a consumer as that term is defined by § 559.55(8), Florida Statutes, and 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

17. Defendants are considered a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

18. At all times material herein, Defendants' conduct with regard to the Debt, qualifies as "communication" as defined by § 559.55(5), Florida Statutes and 15 U.S.C. § 1692(a)2.

19. All conditions precedent to the filing of this action have occurred or have been waived by the Defendants.

## FACTUAL ALLEGATIONS

20. On June 26, 2008, a Mortgage was recorded against Reis' property by virtue of a Promissory Note dated June 20, 2008 (the "Debt").

21. The alleged Debt was a financial obligation that was incurred primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

22. On or about December 17, 2012, Bank of America initiated a foreclosure action against Reis entitled *Bank of America, N.A. v. Reis, et al.,* Case No. 2012-CA-08194 (Sixth Judicial Circuit, Pasco County, Florida) (the "Debt Collection Action").

23. Shortly, thereafter, Plaintiffs retained legal counsel, Andrew Lyons, Esq., to represent her with respect to the debt and defend the Debt Collection Action and debt collection.

24. On or about January 15, 2013, Andrew Lyons, Esq., filed his appearance on behalf of Reis, with the relevant Court, and Bank of America's counsel.

25. Reis has been continuously represented by counsel with respect to the debt from at least January 15, 2013, to the present and Bank of America, its representatives, agents, employees, and assigns, were informed of the fact that Plaintiff was represented by legal counsel and knew of Plaintiff's legal representation during this period.

26. In addition to knowing that Plaintiff was represented by counsel by virtue of the Debt Collection Action, and through various submissions of documents by legal counsel for a loan modification in 2014; Bank of America was again given notice of the fact that Reis was represented by legal counsel with respect to the Debt when Bank of America was served with a lawsuit on or about October 17, 2015. The lawsuit filed by Reis against Bank of America

complaining about Bank of America contacting Reis directly even though Reis was represented by legal counsel with respect to the Debt.

27. Despite having knowledge that Reis was represented by legal counsel with respect to the Debt and despite being previously sued for contacting Reis directly, Bank of America has continued to communicate in writing directly with Reis in an attempt to collect the Debt.

28. On or about August 11, 2016, Bank of America contacted Reis directly to notify Reis that on September 1, 2016, the servicing of the Debt would be transferred from Bank of America to PennyMac. The notice further indicated that Bank of America remained the creditor for the Debt.

29. As part of the servicing transfer of the debt, Bank of America advised PennyMac of the Debt Collection Action; that Reis has been represented by legal counsel with respect to the debt from at least July 25, 2011; provided legal counsel's contact information; and provided business records and servicing files which included all of the aforementioned communications from Plaintiff and her legal counsel.

*Telephone Consumer Practices Act*

30. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

31. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

32.     The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

### *Illegal Communications and Auto-Dialed Calls*

33.     Notwithstanding Reis having retained legal counsel and Defendants having knowledge of this circumstance, PennyMac acting on behalf of Bank of America has contacted Reis directly on multiple occasions for the purposes of collecting on the alleged Debt in violation of Fla. Stat. §§ 559.77(7) and 559.77(18); 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692b(3), 1692d, 1692d(5), 1692e, 1692e(10), 1692f, and 47 U.S.C. § 227 et seq.

34.     Specifically, since August 2016, PennyMac, as agent for Bank of America, contacted Reis no less than thirteen (13) times for the purposes of collecting on the alleged Debt via mail, by requesting that Reis pay a certain amount of money by a date certain, and in direct contravention of the notice of legal representation.

35.     Specifically, since August 2016 Defendants, their collectors and agents, repeatedly used an automatic telephone dialing system to call Plaintiff's cellular and home telephones in an attempt to collect this debt, no less than sixty-eight (68) times in direct

contravention of the notice of legal representation and request to cease and desist communications.

36. Without Plaintiff's prior express consent, Defendants, their collectors and agents, repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, no less than sixty-eight (68) times.

37. All calls were sent in willful violation of the TCPA, FDCPA and FCCPA because Defendants never obtained the Plaintiff's prior express consent; or such prior express consent to make collection calls to Plaintiff's cellular and home telephones using an ATDS, PTDS, or an APV was revoked the moment Plaintiff advised Bank of America of her legal representation with respect to the Debt.

38. As a result of said withdraw of any prior express consent, Defendants had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to her cellular and home telephones or to send her prerecorded and/or synthesized messages on her cellular and home telephones.

39. None of the calls at issue were placed to Plaintiff's cellular or home telephones for an emergency purpose as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

40. Defendants' repeated autodialed collection calls to Plaintiff's cellular and home telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

41. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the TCPA, FDCPA and FCCPA.

42. Defendants had actual knowledge of Reis' representation by legal counsel with respect to the Debt; however, Defendants continued to contact Reis willfully, wantonly, and maliciously without regard to the effect on Reis.

43. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

44. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

45. Defendants' actions constituted the unauthorized use of, and interference with the Plaintiff's cellular and home telephone services associated with telephone numbers (727) 791-7371 and (727) 857-3524.

## *Damages*

46. Defendants made the above referenced contacts with reckless disregard of Reis' health or welfare, for the purpose of causing Reis stress, anger, anxiety, fear, embarrassment, frustration, upset, humiliation and shame, in the hopes of inducing Reis to pay the Debt.

47. Defendants have acted maliciously by engaging in a course of conduct intended to harass Reis.

48. The acts and/or omissions of Defendants, at all times material and relevant hereto as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. Reis has sustained damages as defined by Fla. Stat. § 559.77, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).

50. As a direct and proximate result of the conduct and acts of Defendants, mentioned above, Reis' excellent credit rating has been impaired and Reis has suffered anxiety, anger,

sleeplessness, stress, embarrassment, frustration, upset, humiliation and shame, all to Reis' damage. Reis further suffers from headaches which are exacerbated by the stress of Defendants' conduct.

51. Reis has incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Defendants, and as allowed under Fla. Stat. § 559.77, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).

52. Pursuant to Florida Statute § 559.77, Reis is entitled an award of up to $1,000.00 statutory damages against each Defendant per independent, temporally-displaced violation, plus actual damages, and an award of attorneys' fees and costs to Reis should she prevail in this matter.

53. Pursuant to 15 U.S.C. § 1692k, Reis is entitled an award of up to $1,000.00 statutory damages against each Defendant, plus actual damages, and an award of attorneys' fees and costs to Reis should she prevail in this matter.

54. Pursuant to 47 U.S.C. § 227(b)(3), Reis is entitled to an award of up to $500 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to her cellular telephone in violation of the TCPA.

55. Additionally, pursuant to 47 U.S.C. § 227(b)(3), the trial court may increase damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial prerecorded voice to Reis' cellular telephone in willful or knowing violation of the TCPA.

*Respondeat Superior Liability*

56. The acts and omissions of these individual Defendants, and other debt collectors employed as agents by Defendants, who communicated with Reis as described herein, were committed within the time and space limits of their agency relationship with their principal, Bank of America.

57. The acts and omissions by these individual Defendants and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Bank of America in collecting consumer debts.

58. By committing these acts and omissions against Reis, PennyMac and its employees were motivated to benefit their principal, Bank of America.

59. Bank of America is therefore liable to Reis through the Doctrine of Respondeat Superior for the intentional and negligent acts, torts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the TCPA, FDCPA and FCCPA in their attempts to collect this Debt from Reis.

### COUNT I- Violation of 15 U.S.C. § 1692 et seq.
### As to Debt Collector, PennyMac Loan Servicing, LLC

60. Plaintiff incorporates the preceding paragraphs 1-59 as if fully set forth herein.

61. Defendant, Pennymac, is subject to and has violated the provisions of 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff despite Defendant's knowledge that Plaintiff is represented by legal counsel with respect to the Debt, and despite having legal counsel's contact information.

62. Defendant is subject to and has violated the provisions of 15 U.S.C. § 1692c(c) by communicating with Plaintiff despite Plaintiff's request to cease communications for purposes of collecting the Debt.

63. Defendant possessed actual knowledge of Plaintiff's representation by legal counsel with respect to the Debt and possessed actual knowledge of legal counsel's contact information.

64. Despite the above referenced knowledge, Defendant sent Plaintiff at least thirteen collection letters and placed sixty eight (68) phone calls in its attempt to collect the Debt.

65. As such, Defendant communicated with Plaintiff despite possessing actual knowledge that Plaintiff was represented by legal counsel and knowledge of legal counsel's contact information.

66. Defendant is subject to and has violated 15 U.S.C. § 1692d(5) by repeatedly communicating with Plaintiff with such frequency and with such intent to annoy, abuse, or harass Plaintiff.

67. Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiff.

68. As a direct and proximate cause of Defendant's actions Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

69. WHEREFORE, Plaintiffs demand trial by jury and request judgment:

    a. Enjoining Pennymac Loan Services, LLC from any and all further illegal collection practices;

    b. An award of statutory damages of $1,000;

    c. An award of actual damages;

    d. For attorneys' fees and costs; and

    e. For such other and further relief as the court deems appropriate.

## Count II: Violation of the Telephone Consumer Protection Act against Both Defendants

70. Plaintiff incorporates the preceding paragraphs 1-59 as if fully set forth herein.

71. Within the four year period immediately preceding this action, the Defendants directly or through agents, have made numerous calls to Plaintiff's cellular and home telephones, without prior express consent and without an emergency purpose, using an automated dialing system, using an artificial or prerecorded voice, or using both; or has made such calls to a service for which the called party is charged for the call, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

72. At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on her cellular and home telephones.

73. Further, even if Plaintiff did have such consent, such consent was revoked when Defendant was advised that Plaintiff was represented by legal counsel with respect to the Debt and when Plaintiff verbally and explicitly requested that Defendant stop calling her and revoked any prior express consent for Defendant to call Plaintiff's cellular telephone using an ATDS, PTDS, or APV.

74. Despite the lack of any prior express consent, Defendant placed no less than sixty eight (68) calls to Plaintiff's cellular and home telephones using an ATDS, PTDS, or APV.

75. The telephone calls complained of herein are the result of repeated, willful and knowing violation of the TCPA.

76. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

77. As a direct and proximate result of the conduct and acts of Defendants mentioned above, Reis as suffered anxiety, anger, sleeplessness, stress, embarrassment, frustration, upset, humiliation and shame, eliminating Plaintiff's right to be left alone and the peace and solitude that Plaintiff would otherwise have had, all to Plaintiff's damage.

78. These autodialed collection calls have eliminated Reis' right to be left alone, the peace and solitude that Reis would otherwise have had, constitutes unauthorized use of and interferes with Reis' cellular and home telephone services.

79. Plaintiff is entitled to injunctive relief enjoining Defendant from further violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(a).

80. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

81. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff demands trial by jury and requests judgment:

    a. Enjoining each Defendant from any and all further calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system;

    b. Statutory damages of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiffs;

    c. Statutory damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiffs; and

    d. For such other and further relief as the court deems appropriate.

### Count III Violations of Florida Consumer Collection Practices Act against both Defendants

82. Plaintiff incorporates the preceding paragraphs 1-59 as if fully set forth herein.

83. Each Defendant is "a person collecting consumer debts" as defined for purposes of applying Fla. Stat. § 559.72 *et seq.* ("FCCPA").

84. Each Defendant has willfully and intentionally committed acts prohibited by the FCCPA.

85. Each Defendant has willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, and willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of Fla. Stat. § 559.72(7) and 559.72(18).

86. Each Defendant has communicated with Plaintiff in an attempt to collect a Debt despite knowledge that Plaintiff is represented by an attorney with respect to the Debt, and having been advised of legal counsel's contact information in violation of Fla. Stat. § 559.72(18).

87. Each Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiff, including Plaintiff's right to be left alone.

88. Plaintiff has retained the services of the undersigned counsel and is obligated to pay reasonably attorneys' fees for those services.

89. As a direct and proximate result of the conduct and acts of each Defendant, mentioned above, Plaintiff's excellent credit rating has been impaired and Plaintiff has suffered anxiety, anger, sleeplessness, stress, embarrassment, frustration, upset, humiliation and shame, all to Reis' damage. Reis further suffers from headaches which are exacerbated by the stress of Defendants' conduct.

90. Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages against each Defendant per independent, temporally displaced violation, plus actual

damages, and an award of attorneys' fees and costs to the Plaintiff, should Plaintiffs prevail in this matter.

**WHEREFORE,** Plaintiff demands trial by jury and requests judgment:

a. Enjoining each Defendant from any and all further illegal collection practices;

b. An award of statutory damages of $1,000;

c. An award of actual damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

Respectfully submitted,

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
andy@lyonslawgroup.com
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
rgoodall@lyonslawgroup.com
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Sharon Reis